IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| PATRICIA G. RENTERIA, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:21-cv-00160 |
| | ) | |
| WAL-MART STORES TEXAS, LLC and | ) | |
| WAL-MART ASSOCIATES, INC., | ) | |
| | ) | |
|    Defendants. | ) | |

## DEFENDANTS' NOTICE OF REMOVAL

WAL-MART STORES TEXAS, LLC and WAL-MART ASSOCIATES, INC. ("Defendants") respectfully submit this Notice of Removal for the purpose of removing the above-entitled action from County Court at Law 7 in El Paso County, Texas to the United States District Court for the Western District of Texas. As grounds for this Notice of Removal, Defendants state as follows:

### I. PROCEDURAL HISTORY

1.    Plaintiff commenced this action in County Court at Law 7 in El Paso County, Texas, Cause No. 2021DCV2073, by filing her Original Petition ("Petition") on June 16, 2021. Copies of all pleadings filed in that action are attached as Exhibit A.

2.    Plaintiff served her Original Petition on Defendants on June 18, 2021 [Exhibit "A"].

3.      As Defendants more fully state below, removal of this matter is proper under 28 U.S.C. § 1332 based on diversity jurisdiction.

## II. DIVERSITY JURISDICTION

4.      Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.      Plaintiff is a resident, and therefore, a citizen of El Paso County, Texas.

6.      Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which their partners or members are citizens.

7.      Defendant Wal-Mart Stores Texas, LLC is a single-member limited liability company whose sole member is Wal-Mart Real Estate Business Trust whose sole shareholder is Wal-Mart Property Co. Wal-Mart Property Co. is a corporation incorporated in Delaware and has its principal place of business in Arkansas. Therefore, Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

8.      Defendant Wal-Mart Associates, Inc. is a Delaware corporation, with its principal place of business located in Arkansas. Therefore, Defendant Wal-Mart Associates, Inc. is a citizen of Delaware and Arkansas. Accordingly, there is complete diversity of citizenship between Plaintiff and the Defendants. 28 U.S.C. §§ 1332, 1441.

9.      Plaintiff is claiming damages for reasonable medical care and expenses in the past and future, physical pain and suffering in the past and future, mental anguish in the past and future, disfigurement, and lost earning capacity in the past and future. Plaintiff seeks monetary

relief of more than $1,000,000. See Exhibit "A." Plaintiff's claim for damages, therefore, exceeds $75,000, exclusive of interest and costs.

10. Because Plaintiff is a citizen of Texas and Defendants are citizens of Delaware and Arkansas, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

### III. OTHER REMOVAL MATTERS

11. Defendants reserve the right to amend or supplement this Notice of Removal.

12. There have been no pleadings served upon Defendants other than Plaintiff's Original Petition and Jury Request.

13. This Notice of Removal is filed within 30 days of service upon Defendants of the Petition in compliance with 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. § 1446(d), Defendants shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the District Court of El Paso County Texas, County Court at Law No. 7, attaching a file-stamped copy of this Notice of Removal.

15. Pursuant to 28 U.S.C. §§ 1332 and 1446, this action is removable to the United States District Court for the Western District of Texas.

16. WHEREFORE, Defendants give notice that *Patricia G. Renteria v. Wal-Mart Stores Texas, LLC and Wal-Mart Associates, Inc.*, Cause No. 2021-DCV2073, in the County Court at Law No. 7 of El Paso County Texas is removed to the United States District Court for the Western District of Texas.

Respectfully submitted,

**BLANCO ORDOÑEZ MATA & WECHSLER, P.C.**
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800
(915) 845-5555 (Facsimile)

By: _____
**STEVEN J. BLANCO**
State Bar No. 00796217
sblanco@bomwlaw.com
**ROBERT M. ESTRADA**
State Bar No. 24071886
restrada@bomwlaw.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon all counsel of record utilizing the Court's electronic filing system on this the 7th day of July, 2021.

_____
**STEVEN J. BLANCO**

# EXHIBIT A

El Paso County - County Court at Law 7

Filed 6/16/2021 9:38 AM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2073

| | |
|---|---|
| PATRICIA G. RENTERIA, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Cause No. 2021-DCV_____ |
| § | |
| WAL-MART STORES TEXAS, LLC and § | |
| WAL-MART ASSOCIATES, INC. § | |
| § | |
| Defendants § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PATRICIA G. RENTERIA (hereinafter called "Plaintiff"), complaining of WAL-MART STORES TEXAS, LLC and WAL-MART ASSOCIATES, INC. (hereinafter called "Defendants"), and for a cause of action would show the Court and/or Jury the following:

### I.

Discovery will be conducted in Level III.

### II.

Plaintiff is a resident of El Paso County, Texas.

Defendant WAL-MART STORES TEXAS, LLC is a Delaware company doing business in El Paso County, Texas and may be served with process by serving its registered agent CT CORPORATION SYSTEM at 1999 Bryan St., Suite 900, Dallas, Texas 75201 or wherever may be found.

Pursuant to Texas Rule of Civil Procedure 28, Plaintiff hereby sues Defendant WAL-MART STORES TEXAS, LLC in its assumed or common name for the purpose of enforcing Plaintiff's substantive rights against it.

1

Defendant WAL-MART ASSOCIATES, INC., is a Delaware corporation doing business in El Paso, County, Texas. Defendants WAL-MART ASSOCIATES, INC. can be served with process by serving it registered agent CT Corporation System or any other authorized officer or agent at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or where ever they may be found.

Pursuant to Texas Rule of Civil Procedure 28, Plaintiff hereby sues Defendant WAL-MART ASSOCIATES, INC. in its assumed or common name for the purpose of enforcing Plaintiff's substantive rights against it.

### III.

On or about October 10, 2019, while in the course and scope of her employment as Maintenance Personal with Defendants Plaintiff was assigned to clean the restrooms. Prior to cleaning the restrooms Plaintiff placed a chain in the entryway of the restroom to keep customers from coming in while cleaning took place. Plaintiff was cleaning the Women's restroom, when a Manager called out to Plaintiff. Plaintiff turned and proceeded to go toward the Manager when Plaintiff tripped over the chain that was supposed to be used to block and notify customers that the restroom was closed. Plaintiff fell on her right side injuring her ankle, elbow, knee and other parts of her body. As a result of the injury, Defendants terminated Plaintiff's employment with Defendants on February 25, 2021.

### IV.

Under Texas law, Defendants had a non delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103.) Defendants failed to ensure a safe work place for Plaintiff. Defendants, failed to become a subscriber under the Worker's Compensation Act of this State.

**V.**

At the time of her discharge Plaintiff was an employee of Defendants. Plaintiff was earning approximately $468.80 per week plus employment benefits.

After her discharge from the employ of Defendants Plaintiff was under the care of her Doctor and has not been released, so she has not started finding another comparable job.

**VI.**

Plaintiff would show that the damages and injuries were caused by the negligence of Defendants, their employees, agents and representatives. Plaintiff would show that Defendant owed a duty to Plaintiff that Defendant's breached such duty, and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff. Defendants were negligent by breaching its duty to Plaintiff in one or more of the following alternative theories of negligence:

1. Failure to furnish Plaintiff with a safe place to work;
2. Failure to provide adequate means of communication to enable its employees to inquire or obtain guidance from their employer on how to safely perform their job;
3. Failure to supervise the work;
4. Failure to furnish Plaintiff with adequate, necessary and suitable tools, appliances and safety equipment;
5. Failure to properly educate, instruct and supervise Plaintiff in the performance of his duties;
6. Failure to supply adequate and reasonably competent fellow employees;
7. Failing to inspect the workplace;
8. Failure to establish and enforce safety rules and regulations.
9. Failure to warn Plaintiff of the dangers.
10. Negligence per se in violating OSHA Standards Section 1926.20, General Safety and Health Provisions, by permitting laborers to work in surroundings or under working conditions which are hazardous or dangerous to his health or safety.
11. Negligence per se in violating OSHA Standards Section 1926.20 1(b) by failing to do one or more of the following (A) initiating and maintaining such programs as may be necessary to comply with OSHA safety law,( B) failing to have a competent person (as defined by OSHA) perform frequent and regular inspections of the job sites, materials, and equipment. C) Failing to have a competent safety person on the job site.
12. Failing to adequately train, educate, or provide instructions and orders to persons.

3

13. Failing to provide proper safety manuals and instructions to employees responsible for safety.
14. Other negligence.

One or more of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages which are described below.

## VII.

Plaintiff denies that a valid Arbitration Agreement exists. Plaintiff would show that Defendant's alleged Arbitration Agreement and Injury Plan are void and invalid for one or more of the following alternative reasons:

1. The Arbitration and Plan is void in violation of Texas Administrative Code, Article 16 §5; 182.
2. It is void in violation of Texas Labor Code § 406.033(e) and 406.035.
3. Defendants engaged in fraud, fraud in the inducement and misrepresentation concerning the "Arbitration" and "Plan" documents.
4. There was NO consideration. This is totally <u>unfunded</u>. There is no segregated funds, no obligation to pay, no guarantee of payment, no insurance, **no nothing**. This contract is like trying to force arbitration by a seller who claims he is selling the Brooklyn Bridge when he doesn't own it. Arbitration in this non-subscriber case is purely a fraudulent scheme to force loyal injured employees to get less than they are entitled to under workers' compensation and less than their common law rights provides. The plan benefits cease upon termination of employment. If they get injured, Defendants can fire them and they receive no benefits. The plan provides no coverage if suit is filed. So, Plaintiff's rights to recover ended the day this suit was filed.
5. The documents are unconscionable. They are procedurally and substantive unconscionable.
6. The documents were executed based on fraud in the inducement and under duress.
7. The documents are illegal, oppressive and violate Texas Arbitration Act § 171.002(a)(3).
8. Right to Jury Trial on Fact Issues. Fraud, misrepresentation, no consideration and other contract defenses are fact issues, Under The Texas Constitution, Plaintiff is entitled to a jury trial in these issue. Plaintiff requested a jury trial. The court cannot ignore this request.
9. Not a knowing voluntary agreement. Plaintiff had no understanding of this document.
10. Against public policy.

## VIII. DAMAGES

As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered

4

bodily injuries. Plaintiff has incurred expenses for medical care and attention and other expenses in the past. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the injury, Plaintiff was prevented from working and has suffered lost wages and lost earning capacity in the past. Plaintiff will continue to suffer a loss of wage-earning capacity in the future. Plaintiff was prevented from performing her household duties in the past and will continue to be unable to perform her household duties in the future. Plaintiff has suffered physical pain and suffering in the past and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiff has suffered impairment in the past and will continue to suffer impairment in the future. Plaintiff has suffered disfigurement in the past and will continue to suffer disfigurement in the future.

Plaintiff has suffered damages within the jurisdictional limits of this Court. Pursuant to T.R.C.P. 47, Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet begun and the extent of Plaintiff's future damages are still being determined. At this early stage of the proceedings, Plaintiff requests the jury be fair and reasonable in its determination of actual damages in an amount monetary relief over $1,000,000.00.

### IX.   JURY DEMAND

Plaintiff hereby requests trial by jury on the issues of this case.

## X.   REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendants are requested to disclose within the time period set forth in Tex. R. Civ. P. 194 the information or material described in Rule 194.

## XI.   PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the Defendants be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendants for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, and for such other and further relief, general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
omendez@scherrlegate.com

*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473

El Paso County - County Court at Law 7

Filed 6/16/2021 2:48 PM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV2073

IN THE COUNTY COURT AT LAW NUMBER SEVEN
EL PASO COUNTY TEXAS

| | |
|---|---|
| PATRICIA G. RENTERIA, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> WAL-MART STORES TEXAS, LLC and § <br> WAL-MART ASSOCIATES, INC. § <br> § <br> Defendants § | Cause No. 2021-DCV2073 |

## JURY REQUEST

On this the 16th day of June, A.D. 2021, the Plaintiff having demanded a jury, it is hereby ordered that the above styled and numbered cause be placed upon the jury docket on payment of the jury fee herein.

Respectfully submitted,

SCHERR & LEGATE, PLLC
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
omendez@scherrlegate.com

*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473


# CT Corporation

**Service of Process Transmittal**
06/18/2021
CT Log Number 539759446

**TO:** Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Texas**

**FOR:** Wal-Mart Stores Texas, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Renteria Patricia G., Pltf. vs. Wal-Mart Stores Texas, LLC and Wal-Mart Associates, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition, Request(s) |
| **COURT/AGENCY:** | El Paso County Court at Law Number 7, TX<br>Case # 2021DCV2073 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 02/25/2021 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/18/2021 at 12:48 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration date of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Oscar Mendez Jr.<br>Scherr & Legate, PLLC<br>109 N. Oregon, 12th Floor<br>El Paso, TX 79901<br>915-544-0100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/18/2021, Expected Purge Date: 06/23/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Jun 18, 2021

**Server Name:** Chaffy Lambert

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Case Number | 2021DCV2073 |
| Jurisdiction | TX |



C2J 6-18-2021
19014 11-30-2022

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO: **WAL-MART STORES TEXAS, LLC.**, which may be served with process by serving its registered agent for service, **CT CORPORATION SYSTEM at 1999 BRYAN ST., SUITE 900, DALLAS, TX 75201** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 7**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 16th day of June, 2021, by Attorney at Law, OSCAR MENDEZ, JR., 109 N. OREGON, 12TH FLOOR, EL PASO, TX 79901 in this case numbered **2021DCV2073** on the docket of said court, and styled:

**PATRICIA G. RENTERIA**
**VS.**
**WAL-MART STORES TEXAS, LLC AND WAL-MART ASSOCIATES, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 17th day of June, 2021.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest: __NORMA FAVELA BARCELEAU__ District Clerk
El Paso County, Texas
By _____, Deputy
Clarisa Aguirre

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|-----|------|------|-----|-----|------|
|      | MONTH | DAY | YEAR | Hour | Min. | .M. |      |
|      |      |     |      |      |     |     |      |
|      |      |     |      |      |     |     |      |
|      |      |     |      |      |     |     |      |
|      |      |     |      |      |     |     |      |
|      |      |     |      |      |     |     |      |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____  _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____ by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____ 20_____, at _____ o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**